UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAMONA MUHAMMAD,<br><br>  Plaintiff,<br><br>v.<br><br>MARIA CHAIREZ, ROSANNA PARKER, and CLARK COUNTY SCHOOL DISTRICT,<br><br>  Defendants. | Case No. 2:13-cv-02032-APG-GWF<br><br>**ORDER**<br><br>(Def.'s Motion to Dismiss – dkt. #7;<br>Plf.'s Motion to Amend – dkt. #14) |

**I.   SUMMARY**

Before the Court is Defendants Clark County School District ("CCSD"), Maria Chairez ("Chairez"), and RoSand Johnson-Parker's ("Parker") (collectively "Defendants") Motion to Dismiss. (Dkt. #12.) Plaintiff did not file an opposition. Instead, Plaintiff filed a Motion for Leave to Amend the Complaint (Dkt. #14.) The Court also has considered Defendants' Opposition (dkt. #16) and Plaintiff's Reply. (Dkt. #18.) For the reasons discussed below, both motions are granted.

**II.   BACKGROUND**

This case arises out of alleged employment discrimination and retaliatory practices. The Complaint alleges the following facts:

Plaintiff, a black Muslim woman, has been employed with CCSD since 1994. Plaintiff is an elementary school teacher at Quannah McCall Elementary School in Las Vegas, Nevada.

1   Defendant Chairez is the principal of the school, and Defendant Parker is the vice-principal.
2   During the 2010-2011 school year, Plaintiff turned 55 years old and began wearing a traditional
3   Islamic headscarf to work.  At that time, Chairez and Parker began treating Plaintiff differently
4   from teachers who were younger and of a different race and religion.  Plaintiff complained of
5   discrimination to her union representative and the Equal Employment Opportunity Commission
6   ("EEOC"), which provided her with a right to sue letter.  After complaining to the EEOC, Chairez
7   and Parker retaliated against Plaintiff by increasing their discriminatory practices.  Due to the
8   discrimination and retaliation, Plaintiff was forced out of her position at Quannah McCall
9   Elementary School and reluctantly agreed to transfer to a different teaching position at a different
10  school.

11  On November 4, 2013, Plaintiff filed suit alleging (1) race discrimination committed by
12  Chairez, (2) religious discrimination committed by Chairez and Parker, (3) age discrimination
13  committed by Chairez and Parker, (4) retaliation committed by Chairez and Parker, and (5)
14  respondeat superior – negligent supervision against CCSD.  Defendants moved to dismiss the
15  Complaint, arguing the civil rights discrimination and retaliation claims could not be sustained
16  against individual defendants and the respondeat superior claim was insufficiently pled.  Plaintiff
17  moved to amend the Complaint, and attached her proposed First Amended Complaint ("FAC").
18  The proposed FAC alleges 1) race discrimination against CCSD, (2) religious discrimination
19  against CCSD, (3) age discrimination against CCSD, (4) retaliation against CCSD, (5)
20  negligence/respondeat superior against CCSD, and (6) intentional infliction of emotional distress
21  against all defendants.

22  **III.   DISCUSSION**

23  **A. Motion to Dismiss Legal Standard**

24  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief
25  can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and
26  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2);
27  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require
28

detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

If the Court dismisses the complaint, the Court must next determine whether to allow amendment to cure the deficiencies. A party may amend a pleading once "as a matter of course" within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). However, if the pleading is one to which a responsive pleading is required or a motion brought under Rule 12(b), (e), or (f), then within 21 days after service of the responsive pleading or Rule 12 motion, whichever occurs earlier. Fed. R. Civ. P. 15(a)(1)(B). After the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of the court or by the adverse party's written consent. Fed. R. Civ. P. 15(a)(2). The court has discretion to grant leave and should freely do so "when justice so requires." *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, courts may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Program, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The party opposing the amendment bears the burden of showing prejudice. *Id.* at 187.

### B. Motion to Dismiss Analysis

Defendants argue that the first four claims of the original Complaint could not be sustained against individual defendants, but rather against only employers. Defendants seek dismissal of the fifth claim for failure to adequately allege a predicate tort to support respondeat

superior liability. Plaintiff did not oppose the motion, but rather filed a motion for leave to amend, purportedly curing the deficiencies identified in the motion to dismiss. Defendants oppose the motion to amend arguing Plaintiff's failure to oppose the motion to dismiss is consent to dismissal under Local Rule 7-2, and that any amendment should be denied because it is being brought in bad faith. The parties disagree whether amendment should be granted as a matter of course, or whether Plaintiff must seek leave of the court.

Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). However, when considering dispositive motions, the Court may analyze the motion on its merits regardless of whether it is opposed. This is especially true when the Plaintiff is appearing *pro se*. The Court has considered the arguments in the motion to dismiss and the allegations in Complaint. The Court agrees with Defendants that Plaintiff's claims against Defendants Chairez and Parker cannot be legally sustained, and Plaintiff's fifth claim for respondeat superior liability under a theory of negligent supervision is insufficiently pled. Accordingly, Plaintiff's Complaint is dismissed. Next, the Court must determine whether to allow amendment.

Defendants assert that the Court should deny amendment because Plaintiff acted in bad faith, circumventing the dispositive motion by bringing a motion to amend instead of an opposition to the motion to dismiss. The Court sees no impropriety in Plaintiff's actions. Plaintiff, proceeding *pro se*, apparently recognized the deficiencies in her Complaint and sought to cure those deficiencies in an efficient manner. As Plaintiff is untrained in the law, the deficiencies in her Complaint would not be readily apparent to her. Regardless, the Court would be compelled to allow amendment because of the well-established rule that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citation omitted). This is particularly true in civil rights cases, such as this. *Karim-Panahi v. Los Angeles Police Dep't*, 839

F.2d 621, 623 (9th Cir. 1988) (holding that courts must afford *pro se* plaintiffs "the benefit of any doubt"). Justice requires that the Court allow amendment, and the Court does so.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend the Complaint is GRANTED. The Clerk of the Court is ordered to file Plaintiff's First Amended Complaint.

DATED THIS 27th day of January 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE